NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0703n.06

Case No. 10-4220

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 03, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| SHERI M. MYERS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| ASSET ACCEPTANCE, LLC; KIMBERLY | ) | DISTRICT OF OHIO |
| A. KLEMENOK; ERIC T. KOHUT; | ) | |
| JEFFREY J. SOBECK; MARTIN BUNCE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

_____

BEFORE: BATCHELDER, Chief Circuit Judge; NORRIS and STRANCH, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. This case arises from Asset Acceptance's ("Asset") purchase of a debt that Sheri Myers accumulated on her Chase Bank credit card. In May 2009, Asset sued Myers in state court to recover the debt owed on the account and attached to its complaint a Statement of Account and an Affidavit in support of its claim.

In August 2009, Myers sued Asset in the Southern District of Ohio, claiming that Asset violated the federal Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1629e, and the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev. Code Ann. § 1345.01, because the Statement of Account and the Affidavit that Asset attached to its complaint in state court were false, misleading, or deceptive. Specifically, Myers claimed that the Statement was deceptive because it looked liked a credit card statement from Chase rather than a document from a debt collector, and

the Affidavit was deceptive because it did not prove the facts averred therein and the affiant did not have personal knowledge of those facts.

The district court granted summary judgment to Asset on the FDCPA claims. The court held that the least sophisticated consumer would not have been misled or deceived by the Statement or Affidavit, and there was no evidence in the record that any of the information in those documents was false. After the court disposed of the federal claims, it declined to exercise jurisdiction over the state law claims and dismissed them without prejudice. Myers timely appealed.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in granting summary judgment to Asset. As the district court correctly set out the applicable law and correctly applied that law to the undisputed material facts contained in the record, issuance of a full written opinion by the court would serve no jurisprudential purpose.

Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM** the judgment of the district court.